BILAL A. ESSAYLI
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
CEDINA M. KIM
Assistant United States Attorney
Senior Trial Attorney, Civil Division
TINA L. NAICKER, CSBN 252766
Special Assistant United States Attorney
    Office of Program Litigation, Office 7
    Office of the General Counsel
    Social Security Administration
    6401 Security Boulevard
    Baltimore, MD 21235
    Telephone: 510-970-4842
    Email: tina.naicker@ssa.gov

Attorneys for Defendant

FILED
CLERK, U.S. DISTRICT COURT
5/28/25
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_MR\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL HISEY,<br><br>    Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>    Defendant. | No. 5:24-cv-02655-JLS-PVC<br><br>JUDGMENT OF REMAND |

The Court, having approved the parties' Stipulation to Voluntary Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) and to Entry of Judgment ("Stipulation to Remand") lodged concurrent with the lodging of the within Judgment of Remand, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the above-captioned action is remanded to the Commissioner of Social Security for further proceedings consistent with the Stipulation to Remand.[1]

DATED: May 28, 2025

HON. PEDRO V. CASTILLO
UNITED STATES MAGISTRATE JUDGE

---

[1] In Bastidas v. Chappell, 791 F.3d 1155 (9th Cir. 2015), the Ninth Circuit held that the magistrate judge had the authority to grant the petitioner's request to dismiss two unexhausted claims in his habeas petition without the approval of a district judge, as the magistrate judge's order was simply "doing what [the] habeas petitioner has asked." Id. at 1165. While Bastidas is not entirely on point, the stipulation for remand and entry of judgment here is jointly made by the parties, without any compulsion from the magistrate judge. Because there appears to be no danger of undue prejudice to any party, the Court grants the request.